UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-222 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Matthew Thomas McGregor, | |
| Defendant. | |

Matthew McGregor has been charged with Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 1151, 1153(a), 2243(a), and 2246(2)(A) & (D). He moved to suppress a statement he gave to law enforcement officers on June 22, 2023. ECF No. 36. Mr. McGregor's motion raises two constitutional challenges. First, he argues that he did not clearly, voluntarily, and knowingly waive his *Miranda* rights at the beginning of the interrogation. Second, Mr. McGregor alleges that the statement itself, particularly the incriminating portion at the very end, was the product of coercion and was therefore involuntary.

Following an evidentiary hearing, Magistrate Judge Leo Brisbois issued a Report and Recommendation ("R&R") recommending that this Court deny the Motion to Suppress. ECF No. 42. Mr. McGregor filed timely objections to the R&R and this matter has been extensively briefed by both sides. ECF Nos. 36, 40, 50, 51.

This Court has reviewed the record, including Judge Brisbois's conclusions, *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). The Court agrees with Judge Brisbois' rationale, analysis, and recommendation in full, and denies Mr. McGregor's Motion to Suppress. The Court will not restate the relevant factual background, the conclusions of the R&R, or the parties' positions, as those matters are all thoroughly covered by Judge Brisbois. Instead, the Court adopts the R&R without change. However, two specific points raised by Mr. McGregor merit further discussion.

### *Totality of the Circumstances*

In his objections, Mr. McGregor emphasizes that this case involved numerous potentially coercive tactics, including playing on Mr. McGregor's emotions, using his concern for his family against him, having an officer raise his voice, knowing that Mr. McGregor had been isolated for several days, and deception. He argues, correctly, that the Court must consider these various techniques together and assess their total impact on Mr. McGregor to determine whether his will was in fact overborne, rather than viewing each of these techniques in isolation. Obj. 11, ECF No. 50. Both the undersigned and Judge Brisbois agree; the R&R specifically noted that, in assessing the voluntariness of a statement, "the Courts here too examine the totality of the circumstances, including both 'the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess.'" R&R at 18 (quoting *United States v. Syslo*, 303 F.3d 860, 866 (8th Cir. 2002)). And Judge Brisbois cited Eighth Circuit cases emphasizing the wholistic focus of the inquiry. *Id.* at 18. Although Judge Brisbois discussed each factor identified by Mr. McGregor separately (as did Mr. McGregor himself in the briefing), he did so as part of

considering the overall impact of the circumstances together on Mr. McGregor. The Court disagrees that Judge Brisbois failed to consider the totality of the circumstances and their overall impact on Mr. McGregor's will.

### *Law Enforcement Deception*

In arguing that suppression is required under the circumstances of this case, Mr. McGregor also highlights the number and importance of the false statements the officers used in mischaracterizing the strength of the evidence against him. Obj. 18–19. The Court shares this concern: the numerous lies told by the interrogating officers here stand in marked contrast to the actual evidence they had at the time of the questioning; overall, the officers substantially overstated the strength of the case against Mr. McGregor to get him to confess. However, that does not mean that suppression is required.

The Court cannot find a single decision from either the Eighth Circuit or the Supreme Court, or even from another district court within the Eighth Circuit, that has suppressed evidence based upon the persuasiveness of the deception used in a challenged interrogation. Instead, time and again, the Eighth Circuit has rejected challenges to the voluntariness of a confession, even in the face of deception about the strength of the evidence against a suspect. *See, e.g.*, *United States v. Santos-Garcia*, 313 F.3d 1073, 1079 (8th Cir. 2002) (explaining that lying "to the accused about the evidence against him" does not "necessarily render a confession involuntary") (quoting *Wilson v. Lawrence County*, 260 F.3d 946, 953 (8th Cir. 2001)) (internal quotation marks omitted); *Evans v. Dowd*, 932 F.2d 739, 740, 742 (8th Cir. 1991) (per curiam) (confession voluntary even though officer misstated purpose of interrogation and falsely stated that he had eyewitnesses); *Frazier v.*

*Cupp*, 394 U.S. 731, 739 (1969) (confession obtained by false statement that co-conspirator had confessed deemed voluntary). And the Court agrees with Judge Brisbois that, despite the combination of techniques used by law enforcement in interrogating Mr. McGregor and the scope of the deception employed, his will was not overborne. His statement was voluntary, and suppression is not required.

Whether the interrogation techniques used by the officers during their questioning of Mr. McGregor led to a false confession here is a different matter entirely, and is likely an issue for the jury to decide. Indeed, the Court shares Mr. McGregor's concern that deceptive tactics can lead to false confessions and have done so in the past. *See, e.g.*, Saul M. Kassin, et al., *Police-Induced Confessions, 2.0: Risk Factors and Recommendations, Law and Human Behavior*, Advanced Online Publication, 49(1), 7, 16 (2025) ("[F]alse evidence dramatically increases the risk of false confession compared with direct-questioning … and information gathering . . . approaches."), https://psycnet.apa.org/fulltext/2025-79126-001.pdf. But the fact that a confession might be false does not mean it was involuntary. Therefore, the motion to suppress is denied, and Judge Brisbois's R&R is adopted in full.

**IT IS HEREBY ORDERED THAT**:

1. Matthew Thomas McGregor's Objections [ECF 50] are **overruled**;

2. Magistrate Judge Leo I. Brisbois' February 6, 2025 R&R [ECF 42] is **accepted**; and

3. Mr. McGregor's Motion to Suppress [ECF 28] is **denied**.

Date: May 28, 2025

BY THE COURT:

*s/Katherine Menendez*
Katherine Menendez
United States District Court